IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARDELL J. ANDERTON,<br><br>    Plaintiff,<br><br>v.<br><br>PATT KYNASTON, THE STATE OF IDAHO et al and UNKNOWN UN-NAMED DEFENDANTS 1-20,<br><br>    Defendant(s). | Case No. CV-05-378-E-RCT<br><br>**ORDER** |

An Order filed in this case on September 22, 2005, requires "[t]he parties [to] confer and discuss the items contained in the Litigation Plain within sixty (60)

**ORDER - 1**

days," and commands that "[i]n the event that the Litigation Plan and consent form has not been filed within **ninety (90) days of the Order,** Plaintiff(s) shall submit a written report advising the Court of the status of the case." (Docket No. 3 (emphasis in original)).  Another Order filed on January 11, 2006, notes that Plaintiff has failed to comply with the September 22, 2005, Order, and subsequently orders "that on or before **February 1, 2006,** Plaintiff shall submit a report advising the Court of the status of this matter." (Docket No. 4 (emphasis in original)).  The Order further notes that "Plaintiff is advised that failure to comply with the Court's orders may result in dismissal of this matter." *Id.*  Plaintiff has not submitted a status report and has failed to comply with each Order of the Court in this matter.

      Federal Rule of Civil Procedure 41(b) authorizes courts to dismiss matters "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ."  FED. R. CIV. P. 41(b).  In *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit affirmed the district court's dismissal of an action under Federal Rule of Civil Procedure 41(b) because the plaintiff failed to prosecute when he did not submit a proposed pretrial order.  *Id.* at 1422, 1425.  The court in *Henderson* held that the district court must weigh five factors before dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the

**ORDER - 2**

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 1423.

This case occupies precious space on the Court's docket, while Plaintiff's failure to comply with the Court's Orders needlessly delays resolution of this matter.  Thus, because Plaintiff has failed to comply with previous Orders to provide this Court with a status report, it is hereby ordered that Plaintiff shall show cause, if any he has, why this case should not be dismissed under Rule 41(b), and to that end this Court will hold a telephonic hearing with the parties on **Friday, May 19, 2006, at 3:00 p.m. (Boise time)**.  Plaintiff is directed to initiate the conference call among all of the parties with the Court.  The Court can be reached at (208) 334-9145.  Failure to comply with this Order or to show adequate cause why this case should not be dismissed under Rule 41(b) *will* result in dismissal of the case.

IT IS SO ORDERED.

DATED this 7th day of April, 2006, at Seattle, Washington.

RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation

ORDER - 3